1

2

3

4

5

6

7

8           UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10   ROGER A.WARREN,                          )   Civil No. 13cv0617 JAH(MDD)
                                              )
11              Plaintiff,                    )   **ORDER DENYING PLAINTIFF'S**
     v.                                       )   **APPLICATION FOR TEMPORARY**
12                                            )   **RESTRAINING ORDER**
     FEDERAL HOME LOAN MORTGAGE               )   **[DOCS. # 9, 10]**
13   CORPORATION, its assignees and/or        )
     successors, QUALITY LOAN SERVICE         )
14   CORPORATION, BANK OF AMERICA             )
     HOME LOANS, BANK OF AMERICA,             )
15   N.A., COUNTRYWIDE HOME                   )
     LOANS, FIRST LINE RESIDENTIAL,           )
16   INC., AND DOES 1-1000,                   )
                                              )
17              Defendants.                   )
                                              )
18

19        Plaintiff, appearing *pro se*, has filed a document entitled "Notice of Motion and

20   Motion in Opposition to Fraudulent Filing of Unlawful Detainer ..." [doc. # 10] along

21   with an application for an order shortening time [doc. # 9], collectively which this Court

22   construes as an application for a temporary restraining order.  Specifically, plaintiff seeks

23   this Court's order enjoining further proceedings in an unlawful detainer action pending

24   against plaintiff in California Superior Court. *See* Doc. # 9 at 1-2; Doc. # 10 at 22.

25        Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil

26   Procedure and are subject to the same standard for issuing a preliminary injunction.  *See*

27   Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839, n. 7 (9th Cir. 2001);

28   Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F.Supp. 1320, 1323

1   (N.D.Cal. 1995).  A party seeking a preliminary injunction must show "he is likely to

2   succeed on the merits, that he is likely to suffer irreparable harm in the absence of

3   preliminary relief, that the balance of equities tips in his favor and that an injunction is

4   in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365,

5   374 (2008).  The Ninth Circuit Court of Appeal has determined that its "serious

6   questions" sliding scale test, which permits one element to offset a weaker one, is still

7   viable after the four-part element test provided in Winter.  *See* Alliance for the Wild

8   Rockies v. Cottrell, 632 F.3d 1127, 1134 -35 (9th Cir. 2011).  Therefore, a preliminary

9   injunction may issue if the plaintiff demonstrates serious questions going to the merits and

10  that the balance of hardships tip sharply in his favor, "so long as the plaintiff also shows

11  that there is a likelihood of irreparable injury and that the injunction is in the public

12  interest." Id. at 1135.  However, "a preliminary injunction may be denied on the sole

13  ground that the plaintiff failed to raise even "serious questions" going to the merits."

14  Vanguard Outdoor, LLC v. City of Los Angeles, 648 F.3d 737, 739-40 (9th Cir. 2011).

15       This Court finds it is prevented from intervening in a state court unlawful detainer

16  action by the Anti-Injunction Act.  The Act "is an absolute prohibition against enjoining

17  state court proceedings, unless the injunction falls within one of [the] three specifically

18  defined exceptions."   Atlantic Coast Line Railroad Company v. Brotherhood of

19  Locomotive Engineers, 398 U.S. 281, 26 (1970).  The three exceptions are narrowly

20  construed, and "doubts as to the propriety of a federal injunction against a state court

21  proceeding should be resolved in favor of permitting the state action to proceed." Lou v.

22  Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).  A number of district court have found that

23  a stay of unlawful detainer proceedings does not fall into one of the exceptions listed in

24  the Act. *See, e.g.,* Diaz v. National City Bank, 2012 WL 2129916 at *2 (S.D. Cal. June

25  12, 2012; Carrasco v. HSBC Bank USA, N.A., 2012 WL 646251 at *3-4 (N.D. Cal. Feb.

26  28, 2012; Sato v. Wachovia Mortgage, FSB, 2012 WL 368423 at *2 (N.D. Cal. Feb. 3,

27  2012). Plaintiff claims, among other things, that the state court action was fraudulently

28  filed.   *See* Doc. 10 at 1-2.   Plaintiff may pursue that argument in state court,

1  but the Anti-Injunction Act prevents this Court's intervention.  Accordingly, plaintiff's

2  application for a temporary restraining order [docs. # 9, 10] is **DENIED.**

3

4  Dated:        April 5, 2013

5  _____

6  JOHN A. HOUSTON
   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13cv0617