# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WARREN,<br><br>                  Plaintiff,<br><br>   vs.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, et al.,<br><br>                  Defendant. | CASE NO. 13cv617-LAB (BLM)<br><br>**ORDER DENYING RENEWED MOTION FOR APPOINTMENT OF COUNSEL;**<br><br>**ORDER OF DISMISSAL; AND**<br><br>**ORDER DIRECTING U.S. MARSHAL TO CEASE SERVICE OF PROCESS** |

      Plaintiff Roger Warren earlier filed a complaint in case number 12cv3029-LAB (BLM), *Warren v. Quality Loan Service Corporation,* et al. Because Warren was proceeding *in forma pauperis*, the Court conducted the mandatory screening pursuant to 28 U.S.C. § 1915(e) and dismissed the complaint, finding that it failed to state a claim. The complaint in that case was 35 pages long and appeared to be attempting to raise claims relating to a foreclosure sale,. but determining what Warren's claims were or why he believed he was entitled to relief was impossible. The Court dismissed the complaint without prejudice, and gave Warren an opportunity to amend. He did not do so within the time permitted, however, and the Court dismissed his complaint without leave to amend.

      Warren then filed this action, and the case was assigned to the Hon. John Houston. Judge Houston granted Warren's request to proceed *in forma pauperis*, and ordered the

complaint served, albeit without conducting the mandatory screening. Warren also filed a motion for appointment of counsel, which Judge Houston denied. But the motion revealed that Warren had previously filed the earlier action, a fact he had not previously revealed. Pursuant to this Court's Civil Local Rule 40.1, the case was deemed related to the earlier case and was transferred to Judge Larry A. Burns, who had adjudicated the original case.

**Mandatory Screening**

Because the mandatory screening has not yet been conducted, the Court now does so. Although Warren has made some changes to the complaint, such as changing Defendants, it appears this complaint is merely a somewhat edited version of the one that was previously dismissed. For example, it is approximately the same length, and identifies the same claims. The body of the complaint is as incomprehensible as before; it does not comply with Fed. R. Civ. P. 8's "short and plain statement" requirement, nor is it possible to say with any certainty what Warren's claims are or why he believes he is entitled to relief. As with the earlier complaint, the complaint appears to be mostly a collection of legal thoughts and questions strung together, including Warren's own conclusions of law about the effect of certain legal documents, and various questions he wants answered. The complaint appears to consist in large part of materials cut and pasted together from other documents. For instance, it refers to Warren in the plural (as "Plaintiffs" and elsewhere as "we"), uses out-of-sequence paragraph numbering, abruptly shifts topics without explanation, uses capitalized terms that have never been defined, makes accusations against non-party MERS, and beginning on page 31 addresses an unidentified lending institution as "YOU." (*See,* e.g*.,* Compl. 32:26 ("YOU are not the Real Party in Interest in this instant matter.").) Although it is chock full of legal terminology and citations, it disavows any understanding of what legal terms mean.  Very few facts are clearly alleged.

In spite of these defects, it is apparent Warren wants to obtain ownership of his property, which was sold in a foreclosure sale, but it is not apparent why he would be entitled to it, or why this Court would have jurisdiction over his claims.

/ / /

One of the claims identified in the caption asks the Court to vacate a judgment against him, suggesting that there is either a pending case in some other court, or that a final judgment has been entered against him. His renewed application for appointment of counsel (Docket no. 14) suggests Jennifer Poplin, Esq. represented him in a related unlawful detainer action. If he is now attempting to appeal a final judgment in that action, or any other action, this Court cannot exercise jurisdiction over his claims. If he is litigating the same or related claims in state court (or another court), it is possible the Court would abstain from hearing this case until that action is complete. In either case, Warren must give a full and clear explanation of what legal actions he is involved in or has been involved in, that raise claims similar to or the same as those he is trying to bring here. He must give the case name and number, tell what court they were or are being litigated in, tell when they were filed, what issues they raised, and what the status of the litigation is.

Any amended complaint Warren files must also clearly allege facts to support his claim and to explain what happened. By way of example, it must allege what documents Warren signed, and when, and why he was signing them (*e.g.*, to obtain money to buy a house, or to borrow against his equity in the property), what happened later (*e.g.,* he stopped paying or refused to pay, his property was sold in a foreclosure sale, etc.) It must also clearly identify what each party did. The Court mentions these by way of example only; looking at the complaint as filed, there is no way of knowing for certain what happened, when, how, or why.

Finally, large swaths of the complaint are so poorly photocopied as to be almost illegible. Civil Local Rule 5.1(a) requires that all filed documents be clear and legible.

Because the complaint does not comply with Fed. R. Civ. P. 8 or Civil Local Rule 5.1(a), and because it does not state a claim, it is **DISMISSED WITHOUT PREJUDICE**. Warren may file an amended complaint no later than June 1, 2013. If he does so, the amended complaint must comply with Rule 8, it must be completely legible, and it must state whether the matters he now seeks to litigate are now being litigated in state court (or any other court), or have already been litigated and, if so, what the status of that litigation is.

Warren is cautioned that he is not entitled to unlimited chances to amend; he has already had two chances to state a claim, and has not done so. In fact, he missed the deadline to amend in his earlier case, and simply refiled another complaint later. Unless he files an amended complaint within the time permitted that complies with Rule 8, that is legible, and that states a claim — or at the very least clearly shows that he can do so — he should expect his complaint to be dismissed without leave to amend.

**Motion for Appointment of Counsel**

There is no right to counsel in civil cases, and the Court may appoint counsel for a litigant proceeding *in forma pauperis* only after a finding of exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). This requires the Court to evaluate the likelihood of success on the merits, and the plaintiff's ability to articulate his claims *pro se* in light of the legal issues involved.

Although Warren is obviously capable of writing and filing pleadings and finding and citing legal authority, the Court cannot discern what his claims are and thus cannot evaluate the likelihood of success on the merits. Warren's claims do not, however, raise any novel or complex issues of law; to the contrary, in the Court's experience, plaintiffs in this district have been able to maintain similar types of claims *pro se*. Both *Terrell* factors thus weigh against him, and the request for appointment of counsel is **DENIED**.

**Order to U.S. Marshals Service**

Judge Houston's order of April 5, 2013 (Docket no. 7) directed the U.S. Marshals to effect service of process on all Defendants. The summons has been returned executed as to three Defendants (*see* Docket nos. 17, 18, and 19) and returned unexecuted as to one. (*See* Docket no. 20.) Because the complaint has been dismissed, the U.S. Marshals are **ORDERED** to cease service of process on any other Defendants, until further notice from the Court.

/ / /

/ / /

/ / /

Those Defendants who have been served need not answer or otherwise respond to any amended complaint, until the Court has conducted the mandatory screening of that complaint and determined that it meets the minimum requirements.

**IT IS SO ORDERED**.

DATED: May 9, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge